United States District Court
Southern District of Texas
**ENTERED**
June 25, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDALL GOLDMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:20-cv-463 |
| | § | |
| ALEX M. AZAR II, IN HIS CAPACITY AS | § | |
| SECRETARY OF THE UNITED STATES | § | |
| DEPARTMENT OF HEALTH AND HUMAN | § | |
| SERVICES, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on the Secretary's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  ECF No. 31.  Having considered the parties' arguments and the law, the Court **RECOMMENDS** the Secretary's Motion be **GRANTED**.[1]  Due to the Court's lack of subject matter jurisdiction to hear this case, the Court further **RECOMMENDS** Goldman's Motion for Summary Judgment (ECF No. 35) and the Secretary's Motion for Summary Judgment (ECF No. 44) be **DENIED as MOOT**.  The Court **DENIES** the Secretary's Motion to Strike (ECF No. 38) as **MOOT**.

## I.  BACKGROUND

Goldman, a Medicare beneficiary, suffers from a rare and particularly deadly form of brain cancer called glioblastoma multiforme ("GBM").  ECF No. 27 ¶¶ 13, 20.  Tumor treatment field therapy ("TTFT") has been shown to be effective in treating GBM.  *Id*. ¶¶ 14-16  Novocure, Inc. ("Novocure") supplies the equipment that delivers TTFT to GBM patients.  Novocure rents the

---

[1] United States District Judge Vanessa D. Gilmore referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for report and recommendation on all dispositive pretrial matters.  ECF No. 45.

equipment to patients on a monthly basis. *Id.* ¶ 17. Medicare beneficiaries like Goldman must submit claims to Medicare to obtain approval for payment of TTFT as a Medicare benefit. *Id.*

Medicare coverage for Novocure's TTFT device is provided for under Medicare Part B, which precludes payment for items and services that are not "reasonable and necessary." *See* 42 U.S.C. §§ 1395k(a), 1395x(s)(6), 1395y(a)(1). The Secretary of Health and Human Services has delegated to the Centers for Medicare and Medicaid Services ("CMS") the authority to determine whether a particular service or treatment is covered by Medicare. CMS uses administrative contractors to make coverage determinations and to develop and issue Local Coverage Determinations ("LCD") for their geographic areas. 42 U.S.C. § 1395kk-1. Thus, LCDs are written policy decisions regarding whether particular items and services are covered by Medicare and are entitled to substantial deference. 42 C.F.R. § 405.1062(a); *Thumann v. Cochran*, Case No. 1:20-cv-125, 2021 WL 1222142, at *1 (S.D. Ohio Mar. 31, 2021).

Goldman was diagnosed with GBM and began using Novocure's TTFT equipment to treat his cancer. ECF No. 31 at 1. At the time Goldman began TTFT, the LCD in effect (the "2014 LCD") stated that TTFT "will be denied as not reasonable and necessary." ECF No. 31 at 7. Goldman submitted a claim for Medicare coverage for TTFT service dates between July and September 2017 that was initially denied. Goldman appealed the denial[2] and ALJ Tews issued a final decision approving Goldman's TTFT claims despite the 2014 LCD, stating he "declined to

---

[2] When a claim is denied as not reasonable and necessary, a Medicare beneficiary has the right to five-step appeals process: (1) the beneficiary can request "redetermination" from the Medicare Contractor, which must be performed by a person who did not make the initial decision; (2) the beneficiary can request "reconsideration" by a Qualified Independent Contractor ("QIC"), whose panel members must have "sufficient medical, legal, and other expertise, including knowledge of the Medicare program;"[2] (3) if the QIC upholds denial, the beneficiary can appeal to an Administrative Law Judge ("ALJ") who issues a decision based on evidence presented to a hearing or admitted into the administrative record; (4) if the ALJ enters and unfavorable decision and denies the claim, the beneficiary can appeal to the Medicare Appeals Council, which issues the final decision of the Secretary; and (5) after a final decision has been made, or if no decision has been made within 90 days, a beneficiary may file suit in a federal district court to challenge denial of the claim. *See* 42 U.S.C. § 1359ff(a)(3), (c)-(d)(1); 42 C.F.R §§ 404.590, 404.960, 405.968, 405.1000, 405.1002, 405.1042, 495.960.

follow the applicable LCD in light of FDA approval, acceptance by major insurance carriers, peer-reviewed-medical literature, general acceptance by the medical community and the specific evidence of medical necessity in this case." ECF No. 9-1 at 20. Goldman then submitted multiple additional claims for service dates between October 2017 and February 2019 and these claims were initially denied.[3] Goldman appealed these denials but ALJs McCormick and Patterson issued final decisions denying the claims for benefits as not reasonable and necessary. The 2014 LCD remained in effect at the time of ALJ McCormick's and ALJ Patterson's final decisions. However, in 2019, the LCD was revised (the "2019 LCD") to allow some TTFT to be covered as a reasonable and necessary expense. Although ALJs considering any future appeals by Goldman will not be bound by the 2019 LCD, they must give it "substantial deference." 42 C.F.R. § 405.1062(a).

Although ALJ McCormick and ALJ Patterson issued final decisions denying Goldman's claims for service dates between October 2017 and February 2019, both ALJs found Novocure, not Goldman, would be financially responsible for payment of the TTFT.[4] ECF No. 31 at 7-8. As a result, Goldman has not paid, and cannot be asked to pay, for any of the TTFT previously denied as a covered benefit. *Id*.

After exhausting his administrative remedies, Goldman brought this action under 42 U.S.C. § 405(g), and now appeals the ALJ decisions denying payment of his TTFT claims. ECF No. 27 ¶¶ 5, 25-26.

---

[3] These claims were for service dates between (1) October 2017 and January 2018; (2) May 2018 and June 2018; (3) August 2018 and October 201; and (4) November 2018 and February 2019.

[4] The ALJs found Goldman had received no warning or notice that the services would not be covered Medicare benefits. The ALJs presumed Novocure to have knowledge of CMS publications and guidance and stated Novocure should have known TTFT would not be a covered treatment. Thus, ALJs McCormick and Patterson found Novocure financially responsible for the denied claims. ECF No. 9-1 at 116, 4594, 9094.

## II.  LEGAL STANDARDS

The Secretary has moved to dismiss Goldman's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).[5]  Goldman bears the burden of establishing subject matter jurisdiction.  *See Exelon Wind 1, LLC v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014).  In evaluating subject matter jurisdiction, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 556 (5th Cir. 2008); *see also Schaeffler v. U.S.*, 889 F.3d 238, 242 (5th Cir. 2018).  Here, the Court bases its decision on Goldman's First Amended Complaint supplemented by the undisputed facts in the record.  If Goldman fails to meet his burden to establish subject matter jurisdiction, the case must be dismissed.  *See Nelson*, 766 F.3d at 388.

## III.  ANALYSIS

"Federal courts have jurisdiction only over 'cases' or 'controversies.'" *Christopher v. Lawson*, 358 F. Supp. 3d 600, 606 (S.D. Tex. 2019) (quoting *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016)); *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1547 (2016) (Article III, § 2, of the United States Constitution limits federal court jurisdiction to live "cases" or "controversies."). "Standing to sue is rooted in the traditional understanding of a case or controversy[] . . . [and] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."  *Id.* (citations omitted).  The law of Article III standing "prevent[s] the judicial process from being used to usurp the powers of the political branches" and limits the exercise of federal court jurisdiction "to a properly judicial role."  *Spokeo*, 136 S.Ct. at 1547.  To establish Article III standing required to invoke federal court jurisdiction, a plaintiff must establish that she

---

[5] The Court considers the motion under Rule 12(b)(1) and 12(h)(3).

(1) suffered an injury in fact, (2) that the injury is fairly traceable to the alleged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff bears the burden of establishing all three elements of standing. *Spokeo*, 136 S.Ct. at 1547.

In this case, the Secretary argues Goldman has not suffered an injury in fact. ECF No. 31 at 10-12. To establish injury in fact, Goldman must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quotations omitted). For an injury to be "particularized" the plaintiff must have suffered an actual or threatened injury which affects him in a personal and individual way. *Id*. For an injury to be "concrete" it must actually exist and cannot be speculative or hypothetical. *Id*.

To begin with, at least eight district courts around the country[6] have considered whether Medicare beneficiaries have standing to challenge TTFT coverage denials in analogous circumstances—*i.e.*, cases involving the denial of payment for TTFT to treat GBM (based on the 2014 LCD which stated that TTFT is not a reasonable and necessary expense), and placement of the financial burden for the cost of the denied claim on someone other than the Medicare beneficiary. All but one of the eight district courts to have considered the issue concluded that under those circumstances, the Medicare beneficiary lacked Article III standing to sue for denial of the payment for TTFT.[7] The beneficiaries in those cases raised arguments substantially similar

---

[6] *See Banks v. Azar*, Case No. 5:20-cv-0565-LCB, 2021 WL 1759304 (N.D. Ala. Mar. 30, 2021); *Wilmoth v. Azar*, Civil Action NO. 3:20-cv-120-NBB-RP, 2021 WL 681118 (N.D. Miss. Feb. 22, 2021), *appeal filed*; *Oxenberg v. Cochran*, Civil Action No. 20-738, 2021 WL 462731 (E.D. Pa. Feb. 9, 2021); *Prosser v. Azar*, Case No. 20-C-194, 2020 WL 6266040 (E.D. Wis. Oct. 21, 2020), *appeal filed*; *Komatsu v. Azar*, Case No. SA CV 20-00661-DOC-KES, 2020 WL 4810961 (C.D. Cal. July 22, 2020); *Pehoviack v. Azar*, Case No. SA CV 20-00661-DOC-KES, 2020 WL 4810961 (C.D. Cal. July 22, 2020); *Thumann v. Cochran*, Case No. 1:20-cv-125, 2021 WL 12222142 (S.D. Ohio Mar. 31, 2021), *appeal filed*.
[7] *Townsend v. Cochran*, 20-cv-01210 (ALC), 2021 WL 1165142 (S.D.N.Y. Mar. 25, 2021).

to those raised here by Goldman.  Although these cases from other jurisdictions are not binding on this Court, the Court agrees with the reasoning of seven of the eight courts to have considered the issue and finds that Goldman—a Medicare beneficiary who is not liable for payment of the cost of any TTFT for which payment by Medicare was denied—lacks Article III standing.  Therefore, this case must be dismissed for lack of subject matter jurisdiction.

### A.  Goldman has not suffered a concrete injury.

Goldman argues he has standing to sue for the denial of the claim because he was denied Medicare benefits which are a statutory right, and the denial of a statutory right is a concrete injury. The Supreme Court made clear in *Spokeo*, 136 S.Ct. at 1549, and more recently in *Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615, 1619 (2020), that a violation of a statutory right, *without any accompanying actual or imminent injury*, does not constitute an injury in fact sufficient to confer Article III standing.  The Supreme Court in *Thole* "rejected the argument that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'"  *Thole*, 140 S.Ct. at 1620 (quoting *Spokeo*, 136 S.Ct. at 1549).  As noted in *Spokeo,* "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."  *Spokeo*, 136 S. Ct. at 1547–48.  "Article III standing requires a concrete injury even in the context of a statutory violation."  *Id*.  "Put differently, the deprivation of a right created by statute *must be accompanied by* 'some concrete interest that is affected by the deprivation.'" *Lee v. Verizon Communications, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (quoting *Thole*, 136 S.Ct. at 1549) (emphasis added).

It is undisputed that Goldman has not had to pay and cannot be held financially responsible for the TTFT claim that was denied.  However, Goldman argues he was deprived of his

"Congressionally created entitlement to Medicare coverage" because Novocure, rather than Medicare, paid the claims.  Regardless of whether Novocure was required to pay, Medicare's refusal to pay the claims did not cause Goldman to suffer an individual, concrete injury.  Goldman has a statutory right to *seek* Medicare benefits, to receive all reasonable and necessary treatment at minimal cost, and to appeal denial of coverage.  *Thumann*, 2021 WL 1222142, at *5.  Goldman does not allege in this case that he was deprived of any of those rights.  Goldman has not been denied TTFT, nor has he been required to pay the TTFT claim that was denied. Thus, Goldman has not suffered an injury in fact and lacks Article III standing to sue for the denial of the claim. *See Wilmoth v. Azar*, Civil Action No. 3:20-cv-120-NBB-RP, 2021 WL 681118, at *2 (N.D. Miss. Feb. 22, 2021), *appeal filed* (discussing *Thole*, 140 S.Ct. 1615; *Spokeo*, 136 S.Ct. 1540) (finding no injury in fact based on denial of the plaintiff's statutory right to Medicare benefits where the supplier of TTFT, rather than the plaintiff, was financially responsible for the TTFT); *Thumann*, 2021 WL 1222142, at *5 (finding the alleged injury presented, "at best, a technical, procedural violation" that "cannot satisfy the demands of Article III" where the plaintiff received the treatment sought at no cost to him).

**B.  Goldman's allegation of future harm is too speculative to constitute an injury in fact as required for Article III standing.**

Goldman also argues he has suffered an injury in fact sufficient to confer Article III standing because if the Secretary's decisions denying payment are not reversed, he *could* be held liable for the cost of future TTFT or effectively prevented from receiving the treatment altogether. Future harm may constitute an injury in fact for purposes of Article III standing only where the future harm is "certainly impending, or there is a substantial risk that the harm will occur."  *Dept. of Commerce v. N.Y.*, 139 S.Ct. 2551, 2565 (2019) (citations omitted).  An "injury in fact" for

purposes of Article III standing must be "actual or imminent," and cannot be hypothetical or speculative. *Christopher v. Lawson*, 358 F. Supp. 3d 600, 606 (S.D. Tex. 2019).

As reasoned by the Northern District of Mississippi in *Wilmoth* on analogous facts, "[a]ny relationship between the subject claim denial and [Goldman's] financial liability for any future medical charges is speculative. Equating speculative future harm with concrete injury is inconsistent with Article III standing jurisprudence." *Wilmoth*, 2021 WL 681118, at *4.
To begin with, the denials of which Goldman complains occurred in 2019 and he has failed to allege any later denials of payment for TTFT. Importantly, the 2014 LCD which stated that TTFT is not a reasonable and necessary medical expense covered by Medicare Part B, has been revised in the 2019 LCD to allow for coverage as TTFT as reasonable and necessary in some cases. Any future acceptance or rejection of a benefit claim for TTFT will be made after consulting the 2019 LCD, which must be given substantial deference. 42 C.F.R. § 405.1062(a). Goldman has not identified any basis for the Court to believe future benefit determinations will fail to give appropriate deference to the 2019 LCD.

In addition, whether Goldman *could* be held financially responsible for future TTFT depends on a chain of decisions made by different decision-makers in the multi-step appeals process; thus, while his alleged future harms are conceivable, they fall short of a "factual showing of perceptible harm" or imminent harm that would constitute an injury in fact sufficient to confer Article III standing and federal court jurisdiction. *See Wilmoth*, 2021 WL 681118, at *4 (quoting *Lujan*, 544 U.S. at 566) (finding argument of future harm based on analogous facts too speculative to establish standing; plaintiff's future harm of financial liability depended on a chain of decisions made by different actors in the appeals process).

Goldman's reliance on the loss of his right to a "mulligan" under 42 U.S.C. § 1395pp as an injury in fact fails for similar reasons. Section 1359pp provides the Secretary will still pay a claim for which coverage is denied if the beneficiary neither knew nor should have known that the claim would be denied. Goldman argues that the Secretary's denials of his past claims have put him on notice that TTFT is not a covered benefit, and therefore Medicare will not grant him a "mulligan" under § 1359pp and pay the cost of treatment for which coverage is denied in future. However, a beneficiary is deemed to be on notice following a denial of claim only for "comparable situations." 42 U.S.C. § 1395pp(b). Because the TTFT LCD was significantly changed in 2019 to allow for some TTFT coverage, "[i]t is speculative, and indeed quite unlikely, that an ALJ would deem [Goldman] to have knowledge that his future TTFT claims will be denied given the change in the 2019 LCD . . ." and a "comparable" situation does not exist. *See Wilmoth*, 2021 WL 681118, at *4. Thus, the loss of his right to a "mulligan" under § 1359pp likewise does not constitute an injury in fact sufficient to confer Article III standing.

Goldman has not demonstrated a "certainly impending" future injury. *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) (internal quotations omitted) (explaining allegations of future injury were "too speculative to satisfy the well-established requirement that a threatened injury must be certainly impending."). "Absent such a showing, [Goldman's] injury is merely hypothetical or conjectural, and therefore, one that the Court lacks power to redress." *See Komatsu v. Azar*, Case No. Sacv 20-00280JVS(JDEx), 2020 WL 5814116, at *2 (C.D. Cal. Sep. 24, 2020) (finding no Article III standing on analogous facts).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that the Secretary's Motion to Dismiss (ECF No. 31) for lack of subject matter jurisdiction be **GRANTED** and this case be

**DISMISSED** in its entirety.  The Court, further, **RECOMMENDS** Goldman's Motion for Summary Judgment (ECF No. 35) and the Secretary's Motion for Summary Judgment (ECF No. 44) be **DENIED as moot**.  The Court **ORDERS** the Secretary's Motion to Strike (ECF No. 38) be **DENIED as moot**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 25, 2021 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge